## Maron's Estate.

Argued February 4, 1935. Before Frazer, C. J., Simpson, Schaffer, Maxey, Drew and Linn, JJ.

*John C. Bell, Jr.,* with him *Frank F. Truscott,* of *Bell, Trinkle, Truscott & Bell,* for appellant.

*John B. Gest,* with him *George M. Kevlin,* of *Donahue, Irwin, Merritt & Gest,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 25, 1935:

These four appeals arise out of the adjudication of a trustee's accounts, in two trusts under the will of Conrad Maron, deceased. Since the trusts are identical, except as to the names of the first beneficiaries, the appeals were argued together and will be decided in this one opinion. Two of the appeals, those to Nos. 371 and 372, January Term, 1934, were taken before final decrees were entered in the court below, and hence must be quashed. Happily the other two,—those to Nos. 232 and 233, January Term, 1935,—were taken after final decrees were entered and raise every question we are asked to decide.

Conrad Maron died testate leaving a widow and four children. By his will he gave to his widow a life interest in one-third of his property, and divided the other two-thirds among his four children, Emily, Laura, Conrad Y. and Alfred C., upon certain trusts and upon certain terms and conditions hereinafter set forth. The widow elected to take against the will, and has long since received all to which she was entitled. Conrad Y. died December 14, 1926, and Emily died August 12, 1917, and the shares in which they were interested under the will have been adjudicated and distributed. Laura died January 21, 1933, and Alfred C., died August 3, 1933, and the single question here involved is whether or not Marcelle Maron Bryant, the only daughter of Conrad Y., has any interest in these trusts. The court below decided that she had not, and, because of the decrees so holding, she has taken all these appeals.

Under testator's will it is provided as follows regarding the share in which Laura was interested: "(4th) And to pay the income of another of said equal parts to my daughter Laura Maron for the term of her natural life and upon the death of the said Laura Maron then to assign, transfer and pay over the principal of the said estate held in trust for her to such of her children and the issue of any of her deceased children as may be living at the time or times of the distribution of the said share, equally absolutely per stirpes. And if there should be none of her children or the issue of any of her deceased children living at the times of distribution as aforesaid, then my said daughter, shall have a limited right of disposition thereof and may by last will and testament, or any writing in the nature thereof signed by her, direct, limit and appoint that the whole or any part of the said share of the said residuary estate held in trust for her shall be paid to Marcelle Maron [Bryant] or her issue living at the death of the said Laura Maron in such parts or shares as she may provide; and in default of such appointment then the said share of the said residuary estate shall be held upon the same terms of trust as are hereinafter provided for my other children and their issue, excepting therefrom the said Marcelle Maron [Bryant] and her children and issue."

When Laura died she left no children or remoter descendants, and by her will, after making certain minor bequests, gave her residuary estate in trust for her only surviving brother, Alfred C. Maron for life, and upon his death to his issue. And therein she further declared "I hereby expressly declare it to be my intention not to exercise any power of appointment I have, or may have, under the will of my father, the late Conrad Maron; and I direct that, in no event, shall this will be construed as an exercise thereof."

As we have already quoted, Conrad Maron, the testator, provided that on the death of Laura, leaving no children or issue of deceased children, she should "have a lim-

ited right of· disposition . . . and may by last will and testament . . . limit and appoint that the whole or any part of the said share of the said residuary estate held in trust for her shall be paid to Marcelle Maron [Bryant] or her issue, living at the death of the said Laura Maron, in such parts or shares as she may provide; and in default of such appointment then the said share of the residuary estate shall be held upon the same terms of trust as are hereinafter provided for my other children and their issue, excepting therefrom the said Marcelle Maron [Bryant] and her children and issue."

Laura having expressly refused to exercise her permissible power of appointment in favor of Marcelle Maron Bryant, testator said, as twice above quoted, that "the said share of my residuary estate shall be held upon the same terms of trust as are hereinafter provided·for my other children and their issue, excepting therefrom the said Marcelle Maron [Bryant] and her children and issue." It is not necessary to trace to whom, under testator's will, the estate under the existing circumstances should go; it suffices that, under every contingency, Marcelle Maron [Bryant], the only appellant, is expressly excluded from participation.

Apparently recognizing that this must be so if the words of the will, above quoted, are to receive their ordinary signification, appellant's counsel, by an elaborate and involved but able argument, attempts to sustain the proposition that, if the entire will is reviewed, a conclusion in favor of appellant may be reached. Of course the entire will must be considered in determining the meaning of any and all of its provisions, but clear and certain language, such as we have here under review, is not to be lightly· disregarded because of that rule. Appellant's argument is too long and involved to be reviewed in this opinion. It suffices that the utmost effect which we can give to it is that testator loved Marcelle Maron Bryant, and hoped she would ultimately get a large part of his estate; but that he had discovered, or thought he had, a

reason why he should not himself give it to her, but should trust his surviving children to determine what, if anything, she should have from the shares put in trust for them respectively, when the time for distribution thereof should arrive.

The trust for Alfred C. Maron, under testator's will, is in exactly the same terms as the trust for Laura, above quoted, except that his name is substituted for hers in the trust in his favor. Alfred left him surviving a son, Don Edward Maron, who still survives, but no issue of deceased children. Because of this, under the trust provision, it became the duty of the trustee "to assign, transfer and set over the principal of the said estate held in trust for him [Alfred] to such of his children and the issue of any of his deceased children as may be living at the time or times of the distribution of the above share, equally per stirpes absolutely." As Don Edward Maron was the only person within that class, he was entitled to the whole of the trust fund, and it was awarded to him. Under these circumstances, Marcelle was given nothing of this trust fund, and hence was awarded nothing therefrom. She appeals, and there was presented in her behalf the same argument as was made regarding the share of Laura. What we said in reviewing that contention applies here also, and we need not repeat it.

The appeals to January Term, 1934, Nos. 371 and 372 are quashed, the decrees appealed from in Nos. 232 and 233, January Term, 1935, are each affirmed and each of those appeals is dismissed; the cost in all four appeals is to be paid by appellant.